IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAIME ARIAS-MALDONADO,

    Plaintiff,                  No. CIV S-08-0216 GEB KJM P

   vs.

D.K. SISTO, Warden, et al.,

    Defendant.             ORDER

                              /

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be

1

collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Before this court had screened plaintiff's complaint, plaintiff filed a first amended complaint which does not list defendants and which includes claims for unconditional conditions in the Tallahatchie County Correctional Facility in Mississippi.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Nusku v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably merciless legal theory or where the factual contentions are clearly baseless. Nusku, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however in artfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, _ U.S. _, 127 S.Ct. 1955, 1964 (2007). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the

2

statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, _ U.S. _, 127 S.Ct. 2197, 2200 (2007). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). Accordingly, the claims about the conditions in Mississippi as articulated in the instant complaint are not properly brought in this court.

Plaintiff complains about the processing of his grievances about his involuntary transfer out of state. A prisoner has no constitutional right to a prison grievance procedures. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Because inmates do not have a substantive right to prison grievance procedures, the failure of prison officials to comply with those procedures is not actionable under § 1983.

Plaintiff does suggest that these failures impeded his ability to litigate this action. Am. Compl. at 2. An inmate's right to petition the government for the redress of grievances includes the pursuit of inmate administrative remedies. Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995); Franco v. Kelly, 854 F.2d 584, 589 (2d Cir. 1988); Hines v. Gomez, 853 F.Supp. 329, 331 (N.D. Cal. 1994). Because it is not clear that plaintiff is asserting a violation of his right to petition for the redress of grievances, he will be given leave to file an amended complaint.

/////

1  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
2  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See
3  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms
4  how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless
5  there is some affirmative link or connection between a defendant's actions and the claimed
6  deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
7  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory
8  allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of
9  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10  Plaintiff is informed that the court cannot refer to a prior pleading in order to
11  make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended
12  complaint be complete in itself without reference to any prior pleading. This is because, as a
13  general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375
14  F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no
15  longer serves any function in the case. Therefore, in an amended complaint, as in an original
16  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

17  In accordance with the above, IT IS HEREBY ORDERED that:

18  1. Plaintiff's request for leave to proceed in forma pauperis is granted.

19  2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
20  The fee shall be collected and paid in accordance with this court's order to the Director of the
21  Tallahatchie County Correctional Facility filed concurrently herewith.

22  3. Plaintiff's amended complaint (docket no. 10) is dismissed.

23  4. Within thirty days from the date of this order, plaintiff shall file an original and
24  one copy of the Second Amended Complaint. Plaintiff's second amended complaint shall
25  comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and
26  the Local Rules of Practice; the second amended complaint must bear the docket number

4

1  assigned this case and must be labeled "Second Amended Complaint"; failure to file a second
2  amended complaint in accordance with this order will result in a recommendation that this action
3  be dismissed.
4          5. The Clerk of the Court is directed to send plaintiff the form for a civil rights
5  action by a prisoner.
6  DATED: February 4, 2008.

_____
U.S. MAGISTRATE JUDGE

8  2

9  aria0216.14