IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE ARIAS-MALDONADO, #T-12528,<br><br>   Plaintiff,<br><br> vs.<br><br>D.K. SISTO, et al.,<br><br>   Defendant.<br>_____ | ) Civ. No. 2:08-00216 JMS-BMK<br>)<br>) FINDING AND<br>) RECOMMENDATION THAT<br>) PLAINTIFF'S SECOND AMENDED<br>) COMPLAINT BE DISMISSED<br>)<br>)<br>)<br>)<br>)<br>) |

FINDING AND RECOMMENDATION THAT PLAINTIFF'S SECOND
AMENDED COMPLAINT BE DISMISSED

On August 4, 2008, Plaintiff Jamie Arias-Maldonado ("Plaintiff"), a state prisoner proceeding pro se and *in forma pauperis*, filed a Second Amended Complaint pursuant to 42 U.S.C. § 1983.  (Doc. #17.)  The United States District Court for the Eastern District of California had previously dismissed Plaintiff's First Amended Complaint for failure to state a claim and granted Plaintiff leave to amend.[1]  (Doc. #12.)  Because Plaintiff's Second Amended Complaint does not cure the deficiencies identified in the dismissal order, the Court RECOMMENDS that Plaintiff's Second Amended Complaint and this action be DISMISSED.  In

---

[1] This case was reassigned from the Eastern District of California to the District of Hawaii by Order dated November 24, 2008.  (Doc. #18.)

addition, because further amendment is futile, the Court RECOMMENDS that such dismissal be without leave to amend, with prejudice, and count as a strike pursuant to 28 U.S.C. § 1915(g).

BACKGROUND

Plaintiff's Second Amended Complaint sets forth four causes of action. (Compl. at 2-6.) All four causes of action, however, can be reduced to the following complaints. First, Plaintiff complains about his involuntary transfer out of California. (Id. at 2-3, 4-6.) Plaintiff was initially housed at the California State Prison ("CSP") in Solano. (Id. at 2.) Plaintiff was later involuntary transferred to Tallahatchie County Correctional Facility in South Tutwiler, Mississippi. (Id.) Plaintiff appears to allege that said transfer was made on the basis of his race. (Id. at 5-6.) Since filing his Second Amended Complaint, however, Plaintiff has been returned to California and is currently being housed at California's Men Colony ("CMC") in San Luis Obispo. (Civ. No. 2:07-02506 MCE-EFB ("No. 2:07-02506"), Doc. # 17.)[2]

Second, Plaintiff complains about an incident that occurred with law library staff member, Officer Boyden, on August 22, 2007. (Compl. at 2-4.) On that date, Boyden stopped Plaintiff as he was entering the law library to verify why

---

[2] This is a separate federal case Plaintiff filed in the Eastern District of California.

he was not at his assigned job. (Ex. A at 1.) Plaintiff showed Boyden a written pass he had received from the building officer to go to the law library and Boyden permitted Plaintiff to enter. (Id.) Plaintiff claims that this incident is "direct evidence" of CSP's and Boyden's efforts to deny Plaintiff a right of access to the courts. (Compl. at 3.) According to Plaintiff, such denial impeded his ability to litigate another action,[3] resulting in that action's dismissal. (Id.)

Finally, Plaintiff complains about the processing of his grievances concerning his transfer out of California and the incident with Boyden. (Id. at 3-5.) As to the prior, Plaintiff claims that various named prison officials failed to adequately address his emergency appeals relating to his transfer. (Id. at 4-5.) As to the latter, Plaintiff alleges that following the incident, the warden failed to investigate the law library staff. (Id. at 3-4.)

## STANDARD OF REVIEW

The court is required to conduct a preliminary screening of any case in which a prisoner seeks relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must

---

[3] The action to which Plaintiff is referring is a California state case: Jamie Arias-Maldonado v. California State Bar, et al., No. C054767. On May 23, 2007, the Court of Appeal of the State of California dismissed the action pursuant to the California Rules of Court because Plaintiff failed to make payment arrangements for costs associated with preparation of the record on appeal. (No. 2-07:02506, Doc. #1 at Ex. F.)

3

identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  Id. §§ 1915(e)(2), 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227 (quoting Watson v. Ault, 525 F.2d 886, 892 (5th Cir. 1976)).

The court must construe pro se pleadings liberally and afford the pro se litigant the benefit of any doubt.  Morrison v. Hall, 261 F.3d 896, 899 n.2 (9th Cir. 2001); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In giving such liberal interpretation, however, the court may not "supply essential elements of the claim that were not initially pled."  Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

"Unless it is absolutely clear that no amendment can cure the

defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995).  Should the plaintiff amend his complaint, the court may not refer to the prior pleading in order to make the plaintiff's amended complaint complete.  As a general rule, an amended complaint supersedes the original complaint, "the latter being treated thereafter as non-existent." Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must show that 1) the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct violated a right secured by the Constitution or laws of the United States.  West v. Atkins, 487 U.S. 42, 48 (1988).

As to the first requirement, Plaintiff's Second Amended Complaint names as a Defendant, the California Department of Corrections and Rehabilitation (the "CDCR"), among others.  (Compl. at 1, 2.)  However, neither states nor their agencies are persons under § 1983.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).  Because the CDCR is a state agency, Plaintiff's claims against that Defendant are barred.

Turning to the second requirement, Plaintiff makes the following allegations as to the remaining Defendants. As stated above, Plaintiff complains about his involuntary transfer out of California. Reading Plaintiff's Second Amended Complaint as liberally as possible, Plaintiff appears to contend that said transfer was made on the basis of his race, and as such, violative of his right to equal protection under the laws. (Compl. at 5-6.) Plaintiff requests that he "be returned at once to CDCR at San Luis Obispo Prison . . . ." (Id. at 7.)

Since Plaintiff filed his Second Amended Complaint, Plaintiff has been transferred to CMC, which is the CDCR institution in San Luis Obispo, California. (No. 2:07-02506, Doc. # 17.) Thus, Plaintiff's claim regarding his transfer out of state is moot. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) (reiterating the principle that under Article III, § 2, of the Constitution, a case or controversy must exist through all stages of litigation).

Plaintiff also claims that he was denied a right of access to the courts. In support of his claim, Plaintiff points to the above-mentioned incident with Boyden, during which Boyden momentarily stopped Plaintiff as he was entering the law library. (Compl. at 2-4.) Plaintiff argues that the incident is "direct evidence of [Boyden's] motivation" to obstruct Plaintiff's access to the courts. (Id. at 3.)

6

It is well established that inmates have a right of meaningful access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977). However, this right "does not require that prisoners . . . be able to conduct generalized research, but only that they be able to present their grievances to the courts . . . ." Lewis, 518 U.S. at 360. The latter is a "more limited capability that can be produced by a much more limited degree of legal assistance." Id. To establish a violation of this right, an inmate must show that he has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived. See id., 518 U.S. at 349. Thus, an inmate must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Id. at 351. Furthermore, the legal claim cannot be "just any type of frustrated legal claim" but must involve a challenge to one's sentence, directly or collaterally, or to one's conditions of confinement. Id. at 354-55.

In this case, Plaintiff fails to demonstrate that the incident with Boyden hindered his efforts to pursue his legal claims. Once Plaintiff showed Boyden his written pass to go to the law library, Boyden permitted Plaintiff to enter. (Ex. A at 1.) Boyden stated that with the exception of this incident, Plaintiff was allowed access to the law library. (Id.) Plaintiff, himself, admitted that,

7

following the incident, he was granted access to the law library without further verification from Boyden or any other staff member.  (Id.)

Plaintiff's claim regarding denial of access to the courts also fails because the legal claims Plaintiff sought to pursue did not involve challenges to his sentence or to the conditions of his confinement.  Lewis, 518 U.S. at 354-55.  Rather, they were against an attorney for fraud and breach of contract, and the State Bar of California for failure to investigate allegations of said misconduct.  (See Compl. at 3-4; No. 2:07-02506, Docs. # 1, #10.)   The impairment of this type of "litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  Lewis, 518 U.S. at 355.

Finally, Plaintiff complains about the processing of his grievances concerning his transfer out of state and the incident with Boyden.  (Compl. at 2-5.)  An inmate has no constitutional right to prison grievance procedures.  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Because inmates do not have a constitutional right to prison grievance procedures, the failure of prison officials to comply with those procedures is not actionable under § 1983.

In light of the foregoing, Plaintiff's claims should be dismissed on the merits for failure to state a claim.  The Court FINDS that further amendment is futile and therefore, RECOMMENDS that this dismissal be without leave to amend

and with prejudice.  Plaintiff is NOTIFIED that, upon adoption of the Finding and Recommendation, this shall count as a strike under 28 U.S.C. § 1915(g).

## CONCLUSION

The Court FINDS and RECOMMENDS that Plaintiff's Second Amended Complaint be DISMISSED without leave to amend and with prejudice. These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 25 U.S.C. § 636(b)(1). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO FOUND AND RECOMMENDED.

Dated:  Honolulu, Hawaii, September 22, 2009.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: September 22, 2009

Jamie Arias-Maldonado v. D.K. Sisto, Warden, et al.; Civ. No. 2:08-00216 JMS-BMK; FINDING AND RECOMMENDATION THAT PLAINTIFF'S SECOND AMENDED COMPLAINT BE DISMISSED.

10