IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE ARIAS-MALDONADO, #T-12528,<br><br>       Plaintiff,<br><br>  vs.<br><br>D.K. SISTO, et al.,<br><br>       Defendants.<br><br>_____ | ) Civ. No. 2:08-00216 JMS-BMK<br>)<br>) ORDER (1) ADOPTING IN PART<br>) AND REJECTING IN PART<br>) MAGISTRATE JUDGE 'S<br>) SEPTEMBER 23, 2009 FINDING AND<br>) RECOMMENDATION THAT<br>) PLAINTIFF'S SECOND AMENDED<br>) COMPLAINT BE DISMISSED; AND<br>) (2) DIRECTING SERVICE OF<br>) SECOND AMENDED COMPLAINT<br>) |

## ORDER (1) ADOPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S SEPTEMBER 23, 2009 FINDING AND RECOMMENDATION THAT PLAINTIFF'S SECOND AMENDED COMPLAINT BE DISMISSED; AND (2) DIRECTING SERVICE OF SECOND AMENDED COMPLAINT

On August 4, 2008, Plaintiff Jamie Arias-Maldonado ("Plaintiff"), a state prisoner proceeding pro se and *in forma pauperis*, filed a Second Amended Complaint ("SAC") pursuant to 42 U.S.C. § 1983 alleging claims against the California Department of Corrections ("CDCR"), D.K. Sisto, N. Grannis, V.D. Brumsfield, Cpt. Arthur, K. Kesterson, M.D. Corioso, S. Cervantes, and J. Boyden. Doc. No. 17. On September 23, 2009, Magistrate Judge Barry M. Kurren filed his Finding and Recommendation that the SAC be dismissed ("September 23 F&R"). On October 23, 2009, Plaintiff filed Objections. Based on the following, the court

ADOPTS in part and REJECTS in part the September 23 F&R and DIRECTS SERVICE.

## I. **BACKGROUND**

The SAC alleges claims based on the following allegations.

First, Plaintiff asserts that Defendants Brunsfield, Arthur, and Kesterson were part of a "Classification Committee" that decided to transfer Plaintiff from California State Prison ("CSP") in Solano to Tallahatchie County Correctional Facility ("TCCF") in South Tutwiler, Mississippi. SAC at 2-6. The SAC appears to allege that said transfer was made on the basis of his race. *Id.* at 5-6.

Second, Plaintiff alleges claims based on lack of access to the courts. Specifically, Plaintiff asserts that on August 22, 2007, a law library staff member, Officer Boyden, stopped Plaintiff as he was entering the law library to verify why he was not at his assigned job. *Id.* Ex. A at 1. Plaintiff showed Boyden a written pass he had received from the building officer to go to the law library and Boyden permitted Plaintiff to enter. *Id.* Plaintiff claims that this incident is "direct evidence" of CSP's and Boyden's efforts to deny Plaintiff a right of access to the courts. *Id.* at 3. Plaintiff further asserts that prison officials repeatedly do not timely open the law library. *Id.* at 3-4. According to the SAC, these denials

2

impeded his ability to litigate his civil actions, resulting in their dismissal. *Id.*

Third, the SAC asserts that Defendants did not properly process his grievances concerning his transfer out of California and the incident with Boyden. *Id.* at 3-5. The SAC claims that various named prison officials failed to adequately address his emergency appeals relating to his transfer, and the warden failed to investigate the law library staff regarding the incident with Officer Boyden. *Id.* at 3-5.

## II.  STANDARD OF REVIEW

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

Under a de novo standard, this court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *United*

*States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988).  The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects.  *United States v. Remsing*, 874 F.2d 614, 616 (9th Cir. 1989).

## III.  DISCUSSION

Plaintiff's Objection outlines his allegations in the SAC, asserts additional allegations, and then summarily asserts that Defendants "are answerable for all the aforesaid injuries Plaintiff suffered."  Pl.'s Obj. 6.  Given that Plaintiff objects to the September 23 F&R in its entirety, the court reviews and addresses each of Plaintiff's claims in turn.

Regarding the SAC's claim that Defendants Brunsfield, Arthur, and Kesterson transferred Plaintiff to TCCF due to his race, the September 23 F&R recommends that the court dismiss this claim on the basis that it is moot because Plaintiff has since been transferred to California Men's Colony ("CMC") in San Luis Obispo, California.  The court agrees with the September 23 F&R's recommendation that this claim is moot to the extent the SAC seeks injunctive relief that Plaintiff be placed "at the San Louis Obispo Prison."  SAC at Prayer ¶ 1.  The SAC also requests, however, that Plaintiff be granted "damages treble pursuant to

4

California existing law." *Id.* ¶ 2.  Because the SAC seeks compensatory damages, the court rejects the September 23 F&R's recommendation to dismiss this claim in its entirety and finds that Plaintiff has stated a claim against Defendants Brunsfield, Arthur, and Kesterson for his alleged involuntary transfer based on race.

As to Plaintiff's remaining claims, the court agrees with the September 23 F&R's recommendation that they should be dismissed without leave to amend.

First, Plaintiff cannot state a claim against the CDCR because it is entitled to Eleventh Amendment immunity.  *See Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) (affirming dismissal of CDCR on Eleventh Amendment grounds).  The Ninth Circuit has explained:

> In the absence of a waiver by the state or a valid congressional override, under the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court.  The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity.

*Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999) (citations, alteration, and internal quotation marks omitted).  The court therefore DISMISSES Plaintiff's SAC as to the CDCR without leave to amend.

Regarding Plaintiff's claim for the abbreviated library hours and Boydon's questioning of Plaintiff, the court recognizes that inmates have "'a fundamental constitutional right of access to the courts [which] requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries[.]'" *Lewis v. Casey*, 518 U.S. 343, 346 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)); *see also Cornett v. Donovan*, 51 F.3d 894, 897 (9th Cir. 1995). Inmates, however, do not have "an abstract, freestanding right to a law library or legal assistance." *Lewis*, at 351; *see also Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994) (stating that "there is no established minimum requirement [of library time] for satisfying the access requirement" in *Bounds*). Accordingly, to state a claim based on denial of access to the courts, a plaintiff must allege facts demonstrating that he suffered an actual injury by being shut out of court. *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002); *see also id.* Plaintiff cannot state a claim for lack of access based merely on the allegations that the library opened late on some days and Boyden questioned him because these allegations do not establish any injury based on lack of access. The court therefore DISMISSES this claim without leave to amend.

Regarding Plaintiff's claims for the alleged mishandling of his grievances, they are not cognizable in a § 1983 action because there is no

constitutional right to a prison administrative appeal or grievance system for California inmates. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (stating that inmates have "no legitimate claim of entitlement to a grievance procedure"); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (finding no liberty interest in processing of appeals because there is no entitlement to a specific grievance procedure); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) ("'[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.'"). Accordingly, the court DISMISSES without leave to amend Plaintiff's claims based on Defendants' alleged mishandling and/or failure to respond to Plaintiff's grievances.

Finally, the court recognizes that Plaintiff included in his Objection many additional allegations that were not in the SAC -- such as details on the conditions at TCCF and events that occurred after he was transferred to CMC. These allegations are beyond what was included in the SAC and are not properly before the court.

## IV.  <u>CONCLUSION</u>

Based on the above, the court ADOPTS in part and REJECTS in part the September 23 F&R. The court dismisses the SAC IN PART for failure to state a claim pursuant to 28 U.S.C. § 1915A. The court further ORDERS as follows:

1.  Plaintiff has failed to state a claim against CDCR.  Plaintiff's SAC against CDCR is DISMISSED WITHOUT LEAVE TO AMEND.

2.  Plaintiff has stated a claim against Defendants Brunsfield, Arthur, and Kesterson based on Plaintiff's allegation that they transferred Plaintiff to TCCF on the basis of his race, and this claim shall proceed.  Service is thereby appropriate for Defendants Brunsfield, Arthur, and Kesterson.

3.  The court DIRECTS the Clerk of Court to send Plaintiff a copy of this Order, one USM-285 form, one summons, an instruction sheet, and one copy of the SAC filed on August 4, 2008.

4.  By December 1, 2009, Plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a.  The completed, signed Notice of Submission of Documents;

    b.  One completed summons;

    c.  One completed USM-285 form for each Defendant listed in number 2 above; and

    d.   Three copies of the endorsed SAC filed August 4, 2008.

5.  Plaintiff need not attempt service on Defendants Brunsfield, Arthur, and Kesterson and need not request waiver of service.  Upon receipt of all the documents listed in number 4, the court will direct the Clerk of Court to

forward the completed forms to the United States Marshal to serve on the above-named Defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

6. Plaintiff's failure to comply with this Order may result in automatic dismissal of this action.

    IT IS SO ORDERED.

    Dated: Honolulu, Hawaii, November 2, 2009.



    /s/ J. Michael Seabright
    J. Michael Seabright
    United States District Judge

*Arias-Maldonado v. Sisto, et al.*, Civ. No. 2:08-00216 JMS-BMK; Order (1) Adopting in Part and Rejecting in Part Magistrate Judge's September 23, 2009 Finding and Recommendation That Plaintiff's Second Amended Complaint Be Dismissed; and (2) Directing Service of Second Amended Complaint