IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JAIME ARIAS-MALDONADO, | ) | Case No.: 2:08-CV-09-00216 JMS-BMK |
| Plaintiff, | ) | |
| | ) | ORDER DENYING PLAINTIFF'S (1) MOTION TO CONSOLIDATE PENDING COMPLAINT AND (2) MOTION TO PROCEED IN FORMA PAUPERIS |
| vs. | ) | |
| D.K. SISTO, et al., | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFF'S (1) MOTION TO CONSOLIDATE PENDING COMPLAINT AND (2) MOTION TO PROCEED IN FORMA PAUPERIS

Before the Court is Plaintiff Jaime Arias-Maldonado's ("Plaintiff") Motion to Consolidate Pending Complaint and Motion to Proceed *In Forma Pauperis*. (Docs. ## 40, 42.) On August 4, 2008, Plaintiff, a state prisoner proceeding pro se and *in forma pauperis*, filed a Second Amended Complaint ("SAC") pursuant to 42 U.S.C. § 1983, alleging claims against the California Department of Corrections, D.K. Sisto, N. Grannis, V.D. Brumsfield, Cpt. Arthur, K. Kesterson, M.D. Corioso, S. Cervantes, and J. Boyden. (Doc. # 17.) On September 23, 2009, this Court issued a Findings and Recommendation that the SAC be dismissed. (Doc. # 20.) On November 2, 2009, District Judge J. Michael Seabright dismissed all of Plaintiff's claims without leave to amend except for his claim of alleged involuntary transfer based on race against Defendants Brunsfield,

Arthur, and Kesterson (collectively "Defendants").  (Doc. # 26.)  Plaintiff filed the instant motions on September 13, 2010.  (Docs. ## 40, 42.)  Plaintiff also filed a complaint against a new set of defendants from the California Men's Colony alleging new state and civil rights violations.  (Doc. # 41.)  Because Plaintiff does not appear to have another pending lawsuit with which he seeks to consolidate the instant action, the Court will construe his Motion to Consolidate Pending Complaint as a Motion for Leave to File a Third Amended Complaint.

Rule 15(a)(1) of the Federal Rules of Civil Procedure ("FRCP") allows a party to amend its pleading once as a matter of course within 21 days of serving it or within 21 days after service of a responsive pleading.  Plaintiff has already amended his pleading once, so the applicable FRCP provision is Rule 15(a)(2), which allows a party to amend its pleading "only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."

It is in the Court's discretion whether a party should be allowed to amend a pleading.  Finazzo v. Hawaiian Airlines, Civ. No. 05-00524 JMS-LEK, 2007 WL 1080095, at *4 (D. Haw. 2007).  The Court may consider factors such as: bad faith or dilatory motive on the movant's part; whether the amendment will cause undue delay; whether it will prejudice the opposing party; futility of the

amendment; and whether the movant has already failed to cure deficiencies in prior amendments of his pleadings. Id. at *5 (citing In Re Morris, 363 F.3d 891, 894 (9th Cir. 2004)). "Not all of these factors carry equal weight; prejudice to the opposing party is the most persuasive factor. The party opposing the motion for leave to amend bears the burden of establishing prejudice." Id. (internal citations omitted).

As stated above, Plaintiff seeks to add new state and civil rights claims against a new set of defendants. These claims are unrelated to his remaining claim of alleged involuntary transfer based on race against Defendants. Allowing Plaintiff to file a third amended complaint containing entirely new claims against entirely new defendants would prejudice Defendants. It would also cause undue delay, thereby hindering speedy resolution of the action. Conversely, Plaintiff would not be prejudiced by a denial of his motion because should he wish to pursue his new claims, he may do so by filing a separate action. For these reasons, Plaintiff's Motion to Consolidate Pending Complaint is DENIED.

As to Plaintiff's Motion to Proceed *In Forma Pauperis*, Plaintiff was granted *in forma pauperis* status by Magistrate Judge Kimberly J. Mueller on February 4, 2008. (Doc. # 12.) Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 5, 2010.



/s/ Barry M. Kurren
United States Magistrate Judge

Jaime Arias-Maldonado v. D.K. Sisto; Case No. 2:08-CV-00216 JMS-BMK; ORDER DENYING PLAINTIFF'S MOTION TO CONSOLIDATE PENDING COMPLAINT.