IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAIME ARIAS-MALDONADO, | ) | Case No.: 2:08-CV-00216 JMS-BMK |
| Plaintiff, | ) | |
| | ) | FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED |
| vs. | ) | |
| D.K. SISTO, et al., | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED

Before the Court is Plaintiff Jaime Arias-Maldonado's ("Plaintiff") Motion for Summary Judgment, filed on October 8, 2010. (Doc. # 45.) Pursuant to Local Rule 230 of the Local Rules of Practice for the United States District Court, Eastern District of California ("Local Rules"), the Court finds this matter suitable for disposition without a hearing. Plaintiff claims he is entitled to summary judgment because Defendants did not file a motion to dismiss pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust prison administrative remedies, or a waiver of that defense by the April 30, 2010 deadline, as delineated in the Report of Scheduling Conference and Order dated March 16, 2010. (Doc. # 31.)

The standard for summary judgment is governed by the Federal Rule of Civil Procedure 56, Local Rules 230 and 260, and case law. Summary judgment

is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party "bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact."  <u>Soremekun v. Thrifty Payless, Inc.</u>, 509 F.3d 978, 984 (9th Cir. 2007) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)).  In addition to the initial burden of production, a moving party also has the ultimate burden of persuasion on a motion for summary judgment.  <u>Nissan Fire & Marine Ins. Co. v. Fritz Cos.</u>, 210 F.3d 1099, 1102 (9th Cir. 2000).  When the moving party would bear the burden of proof at trial, it must produce evidence that "would entitle it to a directed verdict if the evidence went uncontroverted at trial."  <u>C.A.R. Transp. Brokerate Co., Inc. v. Darden Rests., Inc.</u>, 213 F.3d 474, 480 (9th Cir. 2000).  The moving party must identify for the court "those portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact."  <u>T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987).

If the moving party fails to meet its initial burden, "the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial."  <u>Nissan Fire & Marine Ins. Co.</u>,

Ltd. v. Fritz Cos., Inc., 210 F.3d 1099, 1102-03 (9th Cir. 2000). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Here, Plaintiff has not met his initial burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law, as required by Rule 56. Fed. R. Civ. P. 56(c). Plaintiff filed a two page motion that neither provides nor identifies any evidence to support a motion for summary judgment. See C.A.R. Transp. Brokerate Co., Inc., 213 F.3d at 480. Plaintiff's motion also fails to comply with Local Rules 230 and 260. E.D. Cal. R. 230, 260. Local Rule 230(b) requires the moving party to file a notice of motion, motion, accompanying briefs, affidavits, if appropriate, and copies of documentary evidence relied upon in support of the motion. E.D. Cal. R. 230(b). Local Rule 260(a) requires that a motion for summary judgment be accompanied by a "Statement of Undisputed Facts" that enumerates each of the specific material facts relied upon and cite to the particular portions of documents relied upon to establish that fact. E.D. Cal. R. 260(a). Plaintiff's two page motion is substantively and procedurally deficient and fails to comply with these Local Rules. For these reasons, the Court RECOMMENDS that Plaintiff's Motion for Summary Judgment be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, November 18, 2010.



/s/ Barry M. Kurren
United States Magistrate Judge

Jaime Arias-Maldonado v. D.K. Sisto; Case No. 2:08-CV-00216 JMS-BMK; FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED.