IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAIME ARIAS-MALDONADO, | ) | Civ. No. 02:08-00216 JMS/BMK |
| | ) | |
| Plaintiff, | ) | ORDER ADOPTING NOVEMBER 19, |
| | ) | 2010 FINDINGS AND |
| vs. | ) | RECOMMENDATION THAT |
| | ) | PLAINTIFF'S MOTION FOR |
| D.K. SISTO, et al., | ) | SUMMARY JUDGMENT BE DENIED |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER ADOPTING NOVEMBER 19, 2010 FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED

Pro se prisoner Jaime Arias-Maldonado ("Plaintiff") alleges claims pursuant to 42 U.S.C. § 1983 against Defendants on the basis that they allegedly transferred Plaintiff to another prison on the basis of his race.  On October 8, 2010, Plaintiff filed a Motion for Summary Judgment, which, in a single sentence, states that Plaintiff seeks summary judgment on Defendants' "failure to timely notify the court, and serving the Plaintiff, by the April 30, 2010 deadline [], and to report that, they were waiving their defense on the issue of prison administrative remedies pursuant to 42 U.S.C. § 1997 et seq."  Doc. No. 45.

On November 19, 2010, Magistrate Judge Barry M. Kurren filed his Findings and Recommendation that Plaintiff's Motion for Summary Judgment Be Denied ("November 19 F&R").  The November 19 F&R explained that Plaintiff

failed to carry his initial burden of informing the court of the basis of the motion

and identifying the lack of a genuine issue of material fact.  The November 19

F&R further explained that Plaintiff failed to comply with Local Rules 230 and

260, requiring Plaintiff to file various documents in support of a motion for

summary judgment, including a statement of undisputed facts.  The November 19

F&R therefore recommended that Plaintiff's Motion for Summary Judgment be

denied because it is substantively and procedurally deficient.

On January 7, 2011, Plaintiff filed a Statement of Undisputed Facts in

support of his Motion for Summary Judgment, and on January 10, 2011, Plaintiff

filed a "Notice of Motion and Motion for Summary Adjudication of Petition of

October 5, 2010; and, Objection to Magistrate Judge's Findings and

Recommendation."  While not entirely clear, the court construes these documents

collectively as Plaintiff's Objections to the November 19 F&R.  Based on the

following, the court ADOPTS the November 19 F&R.

## I. STANDARD OF REVIEW

When a party objects to a magistrate judge's findings or

recommendations, the district court must review de novo those portions to which

the objections are made and "may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge."  28 U.S.C.

§ 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United*

*States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

Under a de novo standard, this court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. *United States v. Remsing*, 874 F.2d 614, 616 (9th Cir. 1989).

## II. ANALYSIS

Plaintiff's Objection provides no explanation for why Plaintiff disagrees with the November 19 F&R. Rather, the Objection merely states that his Objection is "based upon this notice and motion, statement of undisputed facts, and other records and pleadings on file, and other matters before the court." Plaintiff provides no basis for why the November 19 F&R was in error, and based on the court's own de novo review of Plaintiff's Motion for Summary Judgment, the court agrees with the November 19 F&R's assessment that Plaintiff failed in the first instance to carry his initial burden of establishing the lack of a genuine issue of

material fact or comply with the Local Rules.  Although Plaintiff attempts to

correct these deficiencies by now filing a "Statement of Undisputed Facts," that

does not change that Plaintiff's original Motion for Summary Judgment was

substantively and procedurally deficient.  Specifically, the entire basis of Plaintiff's

Motion for Summary Judgment is that Defendants failed to comply with the

deadline regarding asserting the affirmative defense of failure to exhaust prison

administrative remedies pursuant to 42 U.S.C. § 1997e(a).  Although Plaintiff is

correct that Defendants failed to file any document by this deadline, such failure is

not the proper basis of a motion for summary judgment.  The court therefore

ADOPTS the November 19 F&R.

### III.  CONCLUSION

Based on the above, the court ADOPTS the November 19, 2010

Findings and Recommendation that Plaintiff's Motion for Summary Judgment Be

Denied.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 12, 2011.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Arias-Maldonado v. Sisto*, Civ. No. 2:08-00216 JMS/BMK, Order Adopting November 19, 2010
Findings and Recommendation That Plaintiff's Motion for Summary Judgment Be Denied