IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME ARIAS-MALDONADO, | ) Civ. No. 02:08-00216 JMS/BMK<br>)|
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S<br>) MOTION TO REINSTATE TWO CO- |
| vs. | ) DEFENDANTS<br>) |
| D.K. SISTO, et al., | )<br>) |
| Defendants. | ) |
| _____ | ) |

## ORDER DENYING PLAINTIFF'S MOTION TO REINSTATE TWO CO-DEFENDANTS

On August 4, 2008, pro se prisoner Jaime Arias-Maldonado ("Plaintiff") filed a Second Amended Complaint ("SAC") alleging claims pursuant to 42 U.S.C. § 1983 against the California Department of Corrections ("CDCR"), D.K. Sisto, N. Grannis, V.D. Brumsfield, Cpt. Arthur, K. Kesterson, M.D. Corioso, S. Cervantes, and J. Boyden for: (1) transferring Plaintiff to another facility on the basis of his race; (2) lack of access to the courts; and (3) failure to process his grievances. The magistrate judge subsequently recommended that the SAC be dismissed with prejudice, and Plaintiff objected. On November 4, 2009, this court rejected the magistrate judge's recommendations in part and found that the SAC stated a claim for damages against Defendants Brunsfield, Arthur, and Kesterson based on Plaintiff's allegation that they transferred Plaintiff to another facility due

to race ("the November 4, 2009 Order").  *See* Doc. No. 26.

On January 7, 2011, Plaintiff filed a "Motion to Reinstate Two Co-Defendants' Names," which this court construes as a motion seeking reconsideration of the November 4, 2009 Order.  Plaintiff asserts that he previously named the Director of Corrections and the Appeals Coordinator in his SAC, and Plaintiff explains that these individuals did not timely respond to his grievances about being transferred to Tallahatchie County Correctional Facility ("Tallahatchie").  Although not entirely clear, Plaintiff further appears to assert that he became ill at Tallahatchie due to the temperature of his cell and that Defendants are liable for a deliberate indifference to his health in violation of the Eighth Amendment.

Plaintiff's Motion lacks merit.  As an initial matter, Plaintiff offers no valid basis for the court to reconsider the November 4, 2009 Order.  Generally stated, reconsideration is appropriate where there has been an intervening change in controlling law, new evidence has become available, or it is necessary to correct clear error or prevent manifest injustice.  *Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. California*, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009) (citing *Sch. Dist. No. 1J Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* E.D. Cal. L.R. 78-230(k).  Motions to reconsider are "not vehicles permitting the unsuccessful party to 'rehash' arguments previously

presented," *United States v. Navarro*, 972 F. Supp. 1296, 1299 (E.D.Cal. 1997), *rev'd on other grounds*, 160 F.3d 1254 (9th Cir. 1998), and a party may not use a motion for reconsideration to raise arguments or present new evidence for the first time when it could reasonably have been raised earlier. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Plaintiff appears to simply rehash arguments previously rejected by the court, and he does not base his request on any intervening change in controlling law, new evidence, or assertion that the November 4, 2009 Order was in error.

Further, even turning to the merits of Plaintiff's Motion, Plaintiff did not assert any claims against the "Director of Corrections" or the "Appeals Coordinator" in his SAC. More important, however, is that a prisoner does not have a "claim of entitlement to a grievance procedure," *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988), and therefore the Director of Corrections' and/or the Appeals Coordinator's involvement in addressing Plaintiff's administrative grievances cannot form the basis of a claim. *See George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Only persons who cause or participate in [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does

not."); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates."). Finally, as to Plaintiff's allegations that Defendants somehow violated Plaintiff's Eighth Amendment rights, the SAC included no such allegations and they are therefore not part of this action.[1]

In sum, Plaintiff offers no legally cognizable basis to state a claim against either the Director of Corrections or the Appeals Coordinator. The court therefore DENIES Plaintiff's Motion to Reinstate Two Co-Defendants' Names.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 12, 2011.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Arias-Maldonado v. Sisto*, Civ. No. 2:08-00216 JMS/BMK, Order Denying Plaintiff's Motion to Reinstate Two Co-Defendants

---

[1] To the extent Plaintiff's Motion could be construed as seeking to amend the SAC, Plaintiff offers no good cause for why the SAC should be amended and such request would therefore be denied.

4