IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAIME ARIAS-MALDONADO, | ) | CIV. NO. 02:08-00216 JMS/BMK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | "(1) MOTION TO ALTER OR |
| vs. | ) | AMEND THE OCTOBER 5, 2011 |
| | ) | JUDGMENT; (2) THAT |
| D.K. SISTO, et al., | ) | DEFENDANTS' MOTION FOR |
| | ) | SUMMARY JUDGMENT BE |
| Defendants. | ) | DENIED; AND (3) THE JUNE 20, |
| | ) | 2011 FINDINGS AND |
| | ) | RECOMMENDATIONS BE SET |
| _____ | ) | ASIDE" |

**ORDER DENYING PLAINTIFF'S "(1) MOTION TO ALTER OR AMEND THE OCTOBER 5, 2011 JUDGMENT; (2) THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE DENIED; AND (3) THE JUNE 20, 2011 FINDINGS AND RECOMMENDATIONS BE SET ASIDE"**

## I.  INTRODUCTION

In this action, pro se prisoner Jaime Arias-Maldonado ("Plaintiff") asserts that V.D. Brunsfield, Cpt. Arthur, and K. Kesterson (collectively "Defendants") transferred him from California State Prison, Solano ("CSP-Solano") to Tallahatchie County Correctional Facility in Tallahatchie, Mississippi ("TCCF") on the basis of race.  On October 5, 2011, the court entered an Order (1) Denying Plaintiff's Petition for Out of Time 30-day Extension, and (2) Adopting the June 20, 2011 Findings and Recommendation ("F&R") that Defendants' Motion for Summary Judgment be Granted (the "October 5 Order").

Judgment was subsequently entered.

On October 21, 2011, Plaintiff filed a Motion titled "(1) Motion to Alter or Amend the October 5, 2011 Judgment; (2) that Defendants' Motion for Summary Judgment be Denied; and (3) the June 20, 2011 F&R be Set Aside." Because the court has already adopted the June 20, 2011 F&R and granted summary judgment in favor of Defendants, and judgment has been entered, the court construes Plaintiff's Motion as a Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e).  Based on the following, the court DENIES Plaintiff's Motion.

## II.  BACKGROUND[1]

On August 4, 2008, Plaintiff filed this action, asserting that Defendants transferred him from CSP-Solano to TCCF on the basis of race.  *See* Doc. No. 17, SAC at 4-5; *see also* Doc. No. 26, Order Adopting in Part and Rejecting in Part the Sept. 23, 2009 F&R at 2.[2]

On May 2, 2011, Defendants filed their Motion for Summary

---

[1]  The court explained the factual background of this case in its October 5, 2011 Order and does not reiterate it here.  Doc. No. 84.

[2]  Plaintiff originally alleged other claims against other CSP-Solano staff members for lack of access to the courts and the improper processing of his grievance.  Doc. No. 17, Second Amended Complaint ("SAC") at 2-6.  These claims were dismissed with prejudice.  Doc. No. 26, Order Adopting in Part and Rejecting in Part the Sept. 23, 2009 F&R at 4-6.

Judgment, Doc. No. 73, and United States Magistrate Judge Barry M. Kurren entered his June 20, 2011 F&R, recommending that Defendant's Motion for Summary Judgment be granted.  Doc. No. 76.  On June 29, 2011, Plaintiff filed a Motion for a thirty-day extension to file an Objection to the June 20, 2011 F&R, which the court granted.  Doc. Nos. 77 and 78.

Plaintiff filed his Objection to the June 20, 2011 F&R on August 12, 2011, Doc. No. 79, and Defendants filed their Response on August 26, 2011.  Doc. No. 80.  The October 5 Order followed, finding that Defendants were entitled to summary judgment.  Doc. No. 84.

Pursuant to Local Rule 230 of the Local Rules of Practice for the United States District Court, Eastern District of California, the court elects to decide this matter without a hearing.

## III.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 59(e), a party may move to have the court amend its judgment within twenty-eight days after entry of the judgment.  Because no specific grounds are listed in the Rule, the district court has "considerable discretion" in granting or denying the motion.  *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam).

A Rule 59(e) motion may be granted if "'(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)).

## IV.  <u>DISCUSSION</u>

In its October 5, 2011 Order, the court adopted the June 20, 2011 F&R, finding that summary judgment was proper because there was no genuine issue of material fact supporting Plaintiff's claim that Defendants transferred him to TCCF on the basis of race, and Defendants were entitled to qualified immunity. Doc. No. 84 at 18.

In his Motion, Plaintiff does not argue that the Judgment must be altered due to an intervening change in law or in light of newly-discovered evidence.[3]  Rather, Plaintiff appears to argue that the court erred in granting summary judgment in favor of Defendants.  The court disagrees.

---

[3] Plaintiff does attach to his Motion a December 2, 2004 Health Care Service Request Form completed by Plaintiff requesting health care to treat "cold-fever-congestion-runny nose-cough and cannot sleep."  Doc. No. 87, Pl.'s Mot., Ex. A.  Because Plaintiff made the request in December 2004, it is not newly discovered for the purposes of Rule 59(e).  Further, as explained below, Plaintiff did not assert any claims regarding lack of medical treatment in this action.

4

First, Plaintiff asserts that the court improperly applied the summary judgment standard and granted Defendants summary judgment on the basis that Plaintiff failed to file an Opposition.  *See* Doc. No. 87, Pl.'s Mot. at 3-4 (contending that summary judgment cannot be granted "just because a party does not respond to a summary judgement [sic] motion").  This assertion, however, is simply incorrect.  The court viewed all the evidence presented in a light most favorable to Plaintiff and found that there was no genuine issue of material fact that Plaintiff was transferred in accordance with a multi-step procedure and not on the basis of race.  Plaintiff came forward with no evidence -- whether in opposition to the Motion for Summary Judgment or in objecting to the June 20, 2011 F&R -- that created a genuine issue of material fact.[4]

Second, it appears that Plaintiff argues that the court erred by ignoring his claims that Defendants violated his Eighth Amendment rights through a denial of medical care.  *See* Doc. No. 87 at 3 (arguing that had Plaintiff been afforded "suitable review," the Defendants' "willful denial of medical care" would have then become relevant to the adoption of the June 20, 2011 F&R and thus, the court "may" have committed error).  But Plaintiff failed to assert a claim for any Eighth

---

[4]   The court provided Plaintiff every reasonable opportunity to respond to Defendants' arguments -- it allowed Plaintiff extensions to file Objections to the June 20, 2011 F&R, and even construed his Objection to the June 20, 2011 F&R as his Opposition.

Amendment violations in his pleadings.  Rather, the first time Plaintiff raised such

arguments were in his Objection to the June 20, 2011 F&R.  As the October 5

Order explained, Plaintiff cannot defeat summary judgment by attempting to insert

claims that are not part of this action.

Third, Plaintiff appears to argue that he may assert a claim under the

Rehabilitation Act of 1973 ("Rehabilitation Act") or Americans with Disabilities

Act of 1990 ("ADA").  Like Plaintiff's assertions regarding the Eighth

Amendment, Plaintiff did not include any such claims in his pleadings and may not

attempt to inject these claims into this action now.

Finally, it also appears that Plaintiff may be arguing that evidence was

destroyed.  *See* Doc. No. 87 at 3-4 (asserting that Plaintiff was restricted by the

court from pursuing issues of "discriminatory spoliation" and that "Defendants'

spoliation of Plaintiff's grievance or destruction of evidence" is indication of

Defendants' poor treatment of Plaintiff).  Plaintiff offers no explanation -- *i.e.*,

what evidence was destroyed, the circumstances of its destruction, and how it

related to this case.  This argument therefore lacks merit.

In sum, Plaintiff fails to support an argument indicating that the court

should award relief pursuant to Rule 59(e).

6

## V.  CONCLUSION

Based on the above, the court DENIES Plaintiff's Motion to Alter or

Amend Judgment.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 2, 2011.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Arias-Maldonado v. D.K. Sisto et al.*, Civ. No. 02:08-00216 JMS/BMK, Order Denying
Plaintiff's "(1) Motion to Alter or Amend the October 5, 2011 Judgment; (2) That Defendants'
Motion for Summary Judgment Be Denied; and (3) the June 20, 2011 Findings and
Recommendations Be Set Aside"