IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME ARIAS-MALDONADO, ) | CIV. NO. 02:08-00216 JMS/BMK |
| ) | |
| Plaintiff, ) | ORDER GRANTING PLAINTIFF'S |
| ) | MOTION FOR EXTENSION OF |
| vs. ) | TIME TO FILE A NOTICE OF |
| ) | APPEAL |
| D.K. SISTO, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

### ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE A NOTICE OF APPEAL

#### I. INTRODUCTION

In this action, pro se prisoner Jaime Arias-Maldonado ("Plaintiff") asserts that V.D. Brunsfield, Cpt. Arthur, and K. Kesterson (collectively "Defendants") transferred him from California State Prison, Solano ("CSP-Solano") to Tallahatchie County Correctional Facility in Tallahatchie, Mississippi on the basis of race.  On October 5, 2011, the court granted Defendants' Motion for Summary Judgment, and judgment was entered that same day.  Plaintiff subsequently filed a Motion to Alter or Amend the October 5, 2011 Judgment, which this court denied on November 3, 2011.

On January 5, 2012, Plaintiff filed a "Motion to Release from

Default," which this court construed as a Motion for Extension of Time to File a Notice of Appeal ("Plaintiff's Motion").  *See* Doc. No. 90.  Plaintiff asserts that he attempted to appeal this action by filing papers with the Ninth Circuit Court of Appeals, but these papers were rejected on the basis that the Ninth Circuit does not have a case in that court (Plaintiff had not filed a Notice of Appeal with this court pursuant to Federal Rule of Appellate Procedure ("FRAP") 4(a)(1)).  Based on the following, the court GRANTS Plaintiff's Motion.

## II.  ANALYSIS

FRAP 4(a)(1)(A) provides that "the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."  Where a party files a motion to alter or amend judgment, however, the 30-day time for filing a notice of appeal "runs for all parties from the entry of [that] order]."  FRAP 4(a)(4)(A)(iv).  FRAP 4(a)(5)(A) allows the district court to further extend the time to appeal where:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

The timely filing of a motion for extension of time is "mandatory and jurisdictional."  *Alaska Limestone Corp. v. Hodel*, 799 F.2d 1409, 1411 (9th Cir.

2

1986) (per curiam).

As an initial matter, the court finds that Plaintiff's Motion is timely. Although the court entered judgment on October 5, 2011, Plaintiff subsequently moved to alter and/or amend the judgment, which was denied on November 3, 2011. Thus, Plaintiff's 30-day time to appeal pursuant to FRAP 4(a) and the additional 30-day time to file a motion for extension of time pursuant to FRAP 4(a)(5)(A) began to run from November 3, 2011. The court received Plaintiff's Motion for Extension of Time on January 5, 2012. Although this Motion was received three days after the end of the 60-day time period, Plaintiff certainly delivered his Motion to prison authorities before the time period expired and his Motion is timely. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988) (holding that pro se prisoner's notice of appeal was filed at moment of delivery to prison authorities for forwarding to district court).[1]

As to the issue of excusable neglect and/or good cause, the court has "wide discretion as to whether to excuse" the delay in filing the notice of appeal. *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004) (en banc). It appears that Plaintiff argues that his failure to file a notice of appeal is due to excusable

---

[1] Even if Plaintiff's Motion was filed outside the 60-day time period, viewing Plaintiff's filings liberally, the court would construe the papers he filed with the Ninth Circuit as a request for an extension of time to file an appeal. These papers, received by the Ninth Circuit on December 14, 2011, are within the 60-day time period.

neglect -- Plaintiff asserts that he misunderstood how to file a notice of appeal, he has been placed on "C" status, and that the law library has had abbreviated hours.[2] *See* Doc. No. 89, Pl.'s Decl.  In determining a claim for excusable neglect, the court must consider "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith."  *Pincay*, 389 F.3d at 855 (citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'hip*, 507 U.S. 380, 395 (1993)).

Turning to these factors, the danger of prejudice to Defendants arguably weighs in favor of denying Plaintiff's Motion -- Defendants filed their Motion for Summary Judgment in May 2011, and judgment was entered on October 5, 2011.  With that said, however, Plaintiff was within his rights to file his Motion to Alter or Amend the October 5, 2011 judgment, which this court denied on November 3, 2011, and Defendants do not suggest that the delay in Plaintiff

---

[2] In comparison, "[t]he good cause standard applies in situations in which there is no fault -- excusable or otherwise.  In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."  FRAP 4(a)(5)(A)(ii), advisory committee's note, 2002 amendment.  In light of Plaintiff's assertions in his Declaration and the fact that Plaintiff filed some documents with the Ninth Circuit, the good cause standard does not apply here.

filing a notice of appeal will impact these proceedings.[3]  The other factors further weigh in favor of granting the Motion.  Although Plaintiff filed his Motion at the latter end of the 60-day period, Plaintiff was not alerted to his mistake of failing to file a Notice of Appeal with this court until mid or late December -- Plaintiff's filings with the Ninth Circuit are stamped as received on December 14, 2011.  *See* Doc. No. 89 at p. 9 of 42.  Plaintiff thereafter brought his Motion soon after learning of his mistake and he did not appear to bring it in bad faith.  Weighing all these factors together, the court GRANTS Plaintiff's Motion.

### III.  CONCLUSION

Based on the above, the court GRANTS Plaintiff's Motion for Extension of Time to File a Notice of Appeal.  Plaintiff may file a Notice of Appeal with this court within fourteen days after the date of this Order.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 24, 2012.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Arias-Maldonado v. D.K. Sisto et al.*, Civ. No. 02:08-00216 JMS/BMK, Order Granting Plaintiff's Motion for Extension of Time to File a Notice of Appeal

---

[3] Other than summarily arguing that allowing Plaintiff to file a Notice of Appeal would prejudice them, Defendants did not address these factors and instead argued that Plaintiff's Motion was not timely.